IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TIMOTHY GUSTAFSON § | |
| and SHERRI GUSTAFSON § | |
| § | |
| V. § | CIVIL ACTION NO. G-13-172 |
| § | |
| FIDELITY NATIONAL PROPERTY § | |
| AND CASUALTY INSURANCE CO. § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company (Fidelity); the Motion seeks the dismissal of the Original Complaint of Plaintiffs, Timothy and Sherri Gustafson. The Motion is now ripe for a determination and the Court issues this Opinion and Order.

The Plaintiffs' home was damaged by flooding during Hurricane Ike in September 2008. At the time, it was insured for $280,000.00 under a Standard Flood Insurance Policy (SFIP) issued by Fidelity, a WYO carrier in the National Flood Insurance Program. Fidelity sent an adjuster, Bryant Hinesly, to the property who calculated Fidelity's liability to be $54,185.68, but he noted that a "supplemental claim may be necessary once the repairs have been completed." As a result of Hinesly's report, the Plaintiffs submitted a Proof of Loss (POL) to Fidelity for the amount of Hinesly's estimate which Fidelity paid in full.

On August 7, 2009, FEMA's extended deadline for filing Hurricane Ike claims expired. The Plaintiffs never filed a second POL for additional insurance proceeds; however, on May 18, 2012, they, through counsel, sent Fidelity a demand letter for an additional $45,138.10. Included with the letter was a copy of an adjuster's detailed report and estimate supporting their claim for that amount. Fidelity refused to make any further payments and on February 19, 2013, Plaintiffs sued Fidelity for breach of contract. After settlement negotiations reached impasse, Fidelity filed its summary judgment motion.

In its Motion, Fidelity argues that the Plaintiffs' complaint is procedurally barred because they never submitted a timely POL for any additional insurance proceeds. The Plaintiffs counter with their position that the adjuster's report sent with their demand letter must be treated as simply the supplement to their original POL and not governed by any time constraints.

In support of their position, Plaintiffs refer the Court to the decision in Young v. Imperial Fire & Casualty Insurance Co., 2114 U.S. Dist. LEXIS 51863 (E.D. La., June 13, 2014). In Young, the Court held that an insufficiently documented POL filed within sixty days of a flood loss could be "taken together" with two subsequently filed POLs and a detailed adjuster's report to "constitute a complete proof of loss that complies with the SFIP." But this Court finds Young inapposite: timeliness was not an issue in Young, all three of the POLs and the adjuster's report were submitted to Imperial well within the 240-day extension of the submission deadline by FEMA following Hurricane Isaac. Id. at *8,

n.2. The Court concedes that there is authority for the proposition that an otherwise untimely supplemental POL may be considered along with a timely POL, but that is appropriate only if the supplemental POL makes a claim that is identical to that submitted in the original timely POL. Stogner v. Allstate Insurance Co., 2010 U.S. Dist. LEXIS 2238 (E.D. La., January 11, 2010); Slater v. Hartford Insurance Co., 2015 U.S. Dist. LEXIS 36824 (M.D. Fla., March 24, 2015) (holding that an untimely POL that, *inter alia*, cures ambiguities of the claimed amount in the original POL will be considered supplemental to the original amount claimed, but not any additional amounts.) Regardless, in this case, the Plaintiffs are seeking additional damages not reflected in their original POL. Cases seem to uniformly hold that in those circumstances a new and timely POL is required. See e.g., Howell v. State Farm Insurance Co., 540 F.Supp. 2d 621, 627 (D. Md. 2008) (objections, alone, to the amount included in a timely POL and paid in full cannot satisfy the procedural obligation to file another timely POL for additional amounts.); Ambassador Beach Condominium Association, Inc. v. Omaha Property & Casualty Insurance Co., 152 F.Supp. 2d 1315, 1317 (N.D. Fla. 2001) (additional payments not authorized "because they were not included in timely proofs of loss and Ambassador accepted payment for the full amount on its initial Proof of Loss.") (citing, Dogwood Grocery, Inc. v. South Carolina Insurance Co., 49 F.Supp. 2d 511, 5123 (W.D. La. 1999); Smith-Pierre v. Fidelity National Indemnity Insurance Co., 2011 U.S. Dist. LEXIS 100271 (S.D. Fla., September 7, 2011). In the instant case, Plaintiffs original

Proof of Loss was paid in full by Fidelity. Any claims for additional amounts required the submission of another timely POL. Plaintiffs never filed another POL and the time in which to do so expired long ago. As a result, their claim for more benefits under their SFIP is procedurally barred.

For the foregoing reasons, it is **ORDERED** that the Motion for Summary Judgment (Instrument no. 23) of Defendant, Fidelity National Property and Casualty Insurance Company, is **GRANTED** and the Original Complaint of Plaintiffs, Timothy and Sherri Gustafson, is **DISMISSED**.

**DONE** at Galveston, Texas, this \_\_\_\_\_18th\_\_\_\_\_ day of June, 2015.

John R. Froeschner
United States Magistrate Judge